# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON LAU-GONZALEZ,<br><br>            Petitioner,<br><br>    vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | CASE NO. 12-cv-2325 – IEG<br>Related Case: 12-cr-862 – IEG<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION FOR TIME REDUCTION PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 1 in 12-cv-2325]<br>[Doc. No. 33 in 12-cr-862]<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Marlon Lau-Gonzalez, a federal inmate proceeding *pro se*, submitted a motion for time reduction pursuant to 28 U.S.C. § 2255. [Doc. No. 33 in 12-cr-862.] Having considered Petitioner's arguments, and for the reasons set forth below, the Court **DENIES** Petitioner's motion.

## BACKGROUND

Petitioner was charged with, and ultimately pled guilty to, violation of 21 U.S.C. §§ 952 and 960 (intentional importation of methamphetamine). [*See* Doc. No. 33.] As part of his Plea Agreement, Petitioner expressly "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence . . . unless the Court impose[d] a custodial sentence above the greater of the

1  high end of the guideline range recommended by the Government pursuant to this
2  agreement at the time of sentencing or statutory mandatory minimum term, if
3  applicable." [Doc. No. 21 at 10.] On September 10, 2012, the Court sentenced
4  Petitioner to 30 months in federal custody (and three years of supervised release),
5  well below the 63-70 month range recommended by the Government. [*See* Doc.
6  Nos. 30, 31.]

7  With the present motion, Petitioner contends that, due to his alien status, he is
8  ineligible for (1) a one-year reduction of sentence through a drug program, (2) an
9  early release to a halfway house, and (3) a Unicor job, and that the availability of
10 these programs to United States citizens, but not to aliens such as Petitioner, violates
11 the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause
12 of the Fifth Amendment, and the Equal Rights Act of 1964. [Doc. No. 33.]

## DISCUSSION

14 Section 2255(a) authorizes the Court to "vacate, set aside or correct" a
15 sentence of a federal prisoner that "was imposed in violation of the Constitution or
16 laws of the United States." Claims for relief under § 2255 must be based on some
17 constitutional error, jurisdictional defect, or an error resulting in a "complete
18 miscarriage of justice" or in a proceeding "inconsistent with the rudimentary
19 demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783-84
20 (1979) (internal quotation marks omitted). If the record clearly indicates that a
21 petitioner does not have a claim or that he has asserted "no more than conclusory
22 allegations, unsupported by facts and refuted by the record," a district court may
23 deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789
24 F.2d 711, 715 (9th Cir. 1986).

25 **I.   Waiver**

26 It is clear that Petitioner waived any right to collaterally attack his sentence.
27 "'A defendant's waiver of his appellate rights is enforceable if (1) the language of
28 the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver

is knowingly and voluntarily made.'" *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted). In this case, as part of his Plea Agreement, Petitioner expressly waived "any right . . . to collaterally attack the conviction and sentence," unless "the Court impose[d] a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." [Doc. No. 21 at 10.] At sentencing, the Court imposed a sentence of 30 months, well below the 63-70 month range recommended by the Government. [*See* Doc. Nos. 30, 31.] Because the Court did not impose a sentence above the high end of the guideline range recommended by the Government, waiver applies. Nor is there any indication that Petitioner's waiver was not knowingly and voluntarily made. Accordingly, Petitioner's valid waiver precludes collateral attack on his sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also United States v. Navarro-Botello*, 912 F.2d 318, 321-22 (9th Cir. 1990) (public policy supports plea agreements because, *inter alia*, of the finality that results).

## CONCLUSION

Because Petitioner's collateral attack is precluded by a valid waiver, the Court **DENIES** Petitioner's motion for time reduction under 28 U.S.C. § 2255. The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**Dated:** June 10, 2013

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**IRMA E. GONZALEZ**
**United States District Judge**